UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RORY LEPSKI,

                        Plaintiff,

v.                                     **DECISION AND ORDER**
                                                           19-CV-1677S

BAYSIDE CAPITAL SERVICES, LLC,

                        Defendant.

      1.  On December 16, 2019, Plaintiff, Rory Lepski, filed his complaint in this action. (Docket No. 1.) Therein, Lepski alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Defendant, Bayside Capital Services, LLC ("Bayside"), failed to appear and defend in this action, which resulted in the Clerk of Court entering default on May 21, 2020. (Docket No. 5.) Before this Court is Lepski's Motion for Default Judgment pursuant to Rule 55 (b)(2) of the Federal Rules of Civil Procedure. (Docket No. 6.) For the following reasons, Lepski's motion is granted.

      2.  Before obtaining default judgment, a party must secure a Clerk's Entry of Default by demonstrating, through affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55 (a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Fed. R. Civ. P. 8 (b)(6).

3.      As set forth in the complaint, the facts are straightforward: some years ago, Lepski incurred a debt for a treadmill, which he later paid off entirely. (Docket No. 1, ¶¶ 4-5.) Defendant, in an attempt to collect an alleged consumer debt, at some point represented to Lepski that he had defaulted and still owed money. (Id., ¶ 6.) Defendant's agents indicated to Lepski that they were attorneys. (Id., ¶ 7.) Defendant's agents also called Lepski's daughter and threatened legal action if Lepski did not pay on the alleged debt. (Id., ¶ 8.) They additionally called Lepski's wife on her unlisted cell phone number. (Id., ¶11.) Lepski paid Defendant $335.07 that he did not owe, in order to stop Defendant's calls. (Id., ¶ 15.) Lepski suffered concern and annoyance resulting from Defendant's calls to him and his family members. (Id., ¶¶ 11, 29.)

4.      In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of default judgment. Fed. R. Civ. P. 55 (b)(2). "In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." DirecTV, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1992)). A hearing is not required as long as the court ensures that there is a basis for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). All reasonable inferences

from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

5. Fifteen U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Here, Lepski alleges that Defendant's agents, in attempting to collect a debt, falsely stated that they were attorneys, and falsely stated that he owed money when, in fact, he did not. (Docket No. 1, ¶¶ 24-25.) This Court finds that Lepski has alleged facts sufficient to state a claim under the FDCPA.

6. Section 1692k(a)(2)(A) of the FDCPA authorizes up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. See Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional. See 15 U.S.C. § 1692k(b)(1).

7. Here, Defendant is deemed to have admitted to violating the FDCPA by falsely stating that its agents were lawyers, and that Lepski owed a debt he had, in fact, paid. Lepski requests the statutory maximum of $1,000. (Docket No. 6 at p. 1.) However, awards of the $1,000 statutory maximum are typically granted only in cases where a defendant's violations are "particularly egregious or intimidating." Warman v. Law Office of Daniel M. Slane, No. 14-CV-700(LJV), 2017 WL 971196, at *3 (W.D.N.Y. Mar. 13,

2017) (quoting Cordero v. Collection Co., No. 10 CV 5960(SJ)(VVP), 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012)). Defendant's actions in this case were harassing, particularly calling Lepski's family members and threatening legal action. At the same time, Lepski does not allege that this was an ongoing matter that happened more than a few times. Under these circumstances, this Court finds that the violations against Lepski entitle him to a total of $500 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). See Flores v. Cred X Debt Recovery, LLC, No. 15-CV-315, 2019 WL 4887571, at *3 (W.D.N.Y. Oct. 3, 2019) ("In light of the circumstances—three non-threatening voicemails—$250 is an appropriate amount of damages"); Twarozek v. Midpoint Resolution Group, LLC, No. 09-CV-731S, 2011 WL 3440096, at *4 (W.D.N.Y. August 8, 2011) (awarding $250 for violation consisting of one improper telephone call made by defendant in addition to its improper disclosure of information to a third party and false representations cf. Hance v. Premier Recovery Group, Inc., No. 12–CV–028S, 2013 WL 85068, at *2 (W.D.N.Y. January 7, 2013) (awarding $500 where the defendant called the plaintiff's home more than 20 times per month); Annis v. E. Asset Mgmt., LLC, No. 08–CV–458S, 2010 WL 1035273, at *5 (W.D.N.Y. Mar.18, 2010) (awarding $1,000 in statutory damages where defendant's violations of the FDCPA included four months of calling plaintiff almost daily, threatening litigation, and targeting both the plaintiff and her family).

8. Lepski also seeks recovery for the $335.07 in actual economic damages he suffered when he paid Defendant an amount he did not owe, in order to stop Defendant's phone calls. (Docket No. 1, ¶¶ 15-16.) Actual economic damages are recoverable under the FDCPA. 15 U.S.C.A. § 1692k ("Any debt collector who fails to comply with any

4

provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure."). Lepski states this amount in his signed declaration. (Docket No. 6-1, ¶ 16.) This Court therefore finds it proper to award Lepski economic damages in the amount of $335.07.

   9. A prevailing plaintiff in a FDCPA suit may also recover actual damages for emotional distress. Chudomel v. Dynamic Recovery Servs., Inc., No. 12 CV-05365 NGG RLM, 2013 WL 5970613, at *8 (E.D.N.Y. Nov. 8, 2013) (citing 15 U.S.C. § 1692k(a)(1)); Clayson v. Rubin & Rothman, LLC, No. 08-CV-0066A, 2010 WL 547476, at *3 (W.D.N.Y. Feb. 11, 2010). Any actual damages recovered by a plaintiff are intended to "compensate [her] for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA." Mira v. Maximum Recovery Solutions, Inc., No. 11–CV–1009 (ADS)(GRB), 2012 WL 4511623, at *3 (E.D.N.Y. Aug. 31, 2012) (quoting Milton v. Rosicki, Rosicki & Assocs., P.C., No. 02–CV–3052 (NG), 2007 WL 2262893, at *3 (E.D.N.Y. Aug.3, 2007), adopted, 2012 WL 4581590 (E.D.N.Y. Sept.29, 2012). A plaintiff requesting actual damages "bears the burden of proof by a preponderance of the evidence." Chudomel v. Dynamic Recovery Servs., Inc., No. 12-CV-05365 NGG RLM, 2013 WL 5970613, at *8 (E.D.N.Y. Nov. 8, 2013). But "[w]hen the emotional distress alleged to have been suffered is the sort that would be experienced by reasonable people under the circumstances, some damage, even if merely nominal damage, can be presumed .... The extent of plaintiff's injury can be proved by plaintiff's testimony alone." Miller v. Midpoint Resolution Group, LLC, 608

5

F.Supp.2d 389, 394 (W.D.N.Y.2009) (quoting In re Baker, 18 B.R. 243, 245 (Bk.W.D.N.Y.1982)).

10. Here, Lepski seeks actual noneconomic damages in the amount of $5000 to compensate him for the emotional harms he suffered. He states in his uncontradicted, signed declaration that Defendant threatened him and his daughter with legal action, and that Defendant called his wife on her unlisted cell phone number. He asserts that he experienced frustration, anxiety, and stress resulting from the calls both to him and to his family members. (Lepski Affidavit, Docket No. 6-1, ¶¶ 7, 9, 11,13.) He does not provide medical records or documentary evidence to corroborate his claim of emotional distress.

11. In this Circuit, "[t]here are relatively few benchmarks for the awarding of actual damages under the FDCPA for allegations of emotional distress." Baruch v. Healthcare Receivable Mgmt., Inc., No. 05–CV–5392 (CPS)(JMA), 2007 WL 3232090, at *3 (E.D.N.Y. Oct. 30, 2007) (collecting cases awarding actual damages and listing their amounts). Nevertheless, there is case law in which awards of actual damages were granted even in the absence of supporting medical evidence. See, e.g., Mira, 2012 WL 4511623 at *3 (awarding $1000 where plaintiff submitted an affidavit complaining of emotional distress that she attributed to the phone calls she received from the defendant debt collector); Chudomel, 2013 WL 5970613, at *9 (awarding $1000 where plaintiff suffered "emotional distress, mental anguish, annoyances, stress and anxiety" as a result of defendant's conduct, alleging that every time the phone rang she "was worried that [defendant] was calling me again."); Pearce v. Ethical Asset Mgmt., Inc., No. 07–CV–718S (WMS), 2010 WL 932597, at *5 (W.D.N.Y. Mar.11, 2010) (awarding a total of $1,829

6

in actual damages to two plaintiffs who claimed embarrassment, fear, and humiliation). Here, while Lepski's request for $5,000 is excessive, this courts finds that he did suffer from some emotional distress, especially given the threatening calls to his family members. An award of $2,000 in actual damages is commensurate to the evidence in this case and is fair compensation for Lepski.

12. The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. See 15 U.S.C. § 1692k(a)(3) (party prevailing in FDCPA action entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty of Albany, 493 F.3d 110, 117 (2d Cir. 2007). There is a presumption in favor of the hourly rates employed in the district in which the case is litigated. Simmons v. New York City Transit Auth., 575 F.3d 170, 174–75 (2d Cir.2009). Thus, this court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

13.  Lepski's attorney Jonathan Hilton indicates that he has represented over one hundred plaintiffs in FDCPA cases. (Docket No. 6-2 at p. 2.) His requested hourly rate is $270 for his work. Given recent case law in this district, the Court finds these rates to be reasonable. See Miller v. Hartfield Portfolio Grp., LLC, No. 14-CV-1060, 2019 WL

4929832, at *4 (W.D.N.Y. Oct. 7, 2019) (awarding $300 hourly rate to an experienced FDCPA attorney); Eades v. Kennedy, PC. Law Offices, 343 F. Supp. 3d 104, 108 (W.D.N.Y. 2018) (awarding hourly rate of $300 for experienced FDCPA attorneys); Langhorne v. Takhar Grp. Collection Servs., Ltd., No. 13-CV-231C, 2016 WL 1177980, at *2 (W.D.N.Y. Mar. 28, 2016) (awarding hourly rate of $300 for an experienced FDCPA attorney); Ortez v. First Asset Recovery Group, LLC, No. 13–CV–671–JTC, 2014 WL 1338835, at *3 (W.D.N.Y. Apr. 2, 2014) (awarding fees at hourly rate of $250 for experienced attorneys).

14. Lepski also seeks $130 and $185 per hour for first- and second-year law student clerks, respectively. This rate for the law students exceeds what is customary in this district. Recent caselaw from the Southern District of New York supports a rate from $100-$125 per hour for student law clerk or intern work. See, e.g., Espinosa v. Perez, No. 18 CIV. 8855 (LGS), 2020 WL 1130743, at *1 (S.D.N.Y. Mar. 9, 2020) (awarding $100/hour for student law clerk work); Medina v. Buther, No. 15-CV-1955(LAP), 2019 WL 4370239, at *11 (S.D.N.Y. Sept. 12, 2019) (awarding $125 per hour for student law clerk work, as customary in Southern District of New York).

15. For the Western District of New York, this Court finds a rate of $110 per hour for the work of law student interns to be appropriate. See Buffalo Transportation, Inc. v. Frezer Bezu, No. 16CV1032V, 2020 WL 1695556, at *5 (W.D.N.Y. Feb. 19, 2020), report and recommendation adopted, No. 16-CV-1032, 2020 WL 1694714 (W.D.N.Y. Apr. 7, 2020) (approving rate of $110 per hour for student law clerk soon to be admitted to practice); see also Metzgar v. U.A. Plumbers & Steamfitters Local No. 22 Pension Fund,

8

No. 13-CV-85V(F), 2019 WL 1466969, at *2 (W.D.N.Y. Apr. 3, 2019) (accepting as reasonable a rate of $95 per hour for work of law clerk). This Court will therefore award Lepski an hourly rate of $110 per hour for the law student intern work done on his case.

16. This Court finds the 9.7 hours of attorney time billed in this case to be reasonable. Engler v. Atl. Res. Mgmt., LLC, No. 10-CV-968S, 2012 WL 464728, at *5 (W.D.N.Y. Feb. 13, 2012) (finding 10.4 hours of attorney-time, and .9 hours secretarial/paralegal work, billed for case reasonable).

17.  Using the $270 hourly rate for Hilton and the $110 hourly rate for student intern work, this Court awards attorneys' fees to Lepski in the amount of $1,547.00. This Court also awards costs in the amount of $440. (See Docket No. 6 at p.1.)

IT HEREBY IS ORDERED, that Lepski's Motion for Default Judgment (Docket No. 6) is GRANTED.

FURTHER, that Lepski is awarded $500 in statutory damages, $335.07 in actual economic damages, and $2,000 in actual noneconomic damages.

FURTHER, that Lepski is awarded $1,547.00 in attorney's fees, and $440 in costs.

FURTHER, that the Clerk of Court is directed to enter a total judgment against Defendant in the amount of $ 4,822.07 consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

9

SO ORDERED.

Dated:  July 21, 2020
        Buffalo, New York

                                            s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                        United States District Judge